UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G.R.R.,

                    Petitioner,

        v.

JULIO HERNANDEZ, et al.,

                    Respondent.

CASE NO. 2:26-cv-01000-BAT

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RELEASE**

Petitioner filed a 28 U.S.C. § 2241 habeas petition requesting the Court order Respondents to immediately release him from immigration detention on the grounds he was detained without a pre-detention bond hearing in violation of the Immigration Naturalization Act and the United States Constitution. Dkt. 1. Petitioner is detained by U.S. Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Respondents contend the Court should deny Petitioner's writ as premature because he is subject to an order of removal which became final January 8, 2026, he is detained under 8 U.S.C. § 1231, and he is a citizen of Mexico and will therefore be removed shortly.

Having considered the parties' pleadings and the record, the Court **GRANTS** the habeas petition.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 1

**BACKGROUND**

Petitioner, a citizen of Mexico, entered the United States around January 15, 2022, at an unknown location. Dkt. 6 at ¶ 3. Petitioner was arrested by ICE in Kennewick, Washington on July 6, 2023, and issued a Notice to Appear charging removability. *Id.* at ¶ 4. An immigration judge released him on $9,000 bond with conditions set by ICE. *Id.* at ¶ 5. On April 11, 2024, an immigration judge denied relief from removal and granted Petitioner voluntary departure to Mexico with an order to post a $500 bond by April 16, 2024. *Id.* at ¶ 6. On May 13, 2024, Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals. *Id.* at ¶ 7. On October 1, 2025, when Petitioner reported to an ICE field office for a scheduled check-in, ICE canceled Petitioner's bond and took him into custody and he was transported to NWIPC. *Id.* at ¶ 8. On January 8, 2026, the Board of Immigration Appeals dismissed Petitioner's appeal, finding he had failed to pay the $500 bond, and his removal order became final. *Id.* at ¶ 9. On February 6, 2026, Petitioner appealed to the Ninth Circuit; that petition remains pending. *Id.* at ¶ 10.

Petitioner is currently detained at NWIPC. He filed this petition on March 24, 2026, arguing his detention in October 2025 violated his Fifth Amendment right to due process because he was denied a pre-deprivation hearing and requesting the Court order immediate release. Dkt. 1. The government has filed a return, Dkt. 5, and Petitioner has filed a traverse, Dkt. 8, so the petition is ripe for review. On April 14, 2026, the government filed a notice of intent to remove Petitioner to Mexico this Friday, April 17. Dkt. 9.

**DISCUSSION**

The Court possesses the authority to grant writs of habeas corpus where the custody of an individual violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. §

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 2

2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution bars the United States from depriving any person of life, liberty, or property, without due process of law. Due process protect all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

### I.    Jurisdiction

Under § 2241, federal courts have jurisdiction over challenges to the detention of noncitizens prior to their removal. *Zadvydas v. Davis*, 533 U.S. 678 (2001). District courts lack jurisdiction over habeas corpus petitions challenging final orders of removal. *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1005 (W.D. Wash. 2019). But courts retain jurisdiction over petitions like the one here, which challenges not the order of removal but detention and the process used to detain. *Id.* Respondents argue the Court lacks jurisdiction over Petitioner's claims because it is a "claim[] that interfere[s] with the execution of a removal order." Dkt. 5 at 6. However, they read § 1252(g) too broadly: it curtails jurisdiction only with respect to the "'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

### II.    Due Process

Procedural due process requires meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in this circuit apply the *Mathews* balancing test in immigration detention cases, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316,

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 3

1321 n.4 (W.D. Wash. 2025) (collecting cases).

The first *Mathews* factor considers "the private interest that will be affected by the official action." Mathews, 424 U.S. at 335. Petitioner's interest in not being detained is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); see also Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). Even conditional release "is valuable and must be seen as within the protection of the [Due Process Clause]." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); see also *Bd. of Pardons v. Allen*, 482 U.S. 369, 377–81 (1987) (recognizing "the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee"). That Petitioner was re-detained and remains in custody months later undoubtedly presents a deprivation of Petitioner's interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest is high under the facts of this case unless the Government provides adequate notice of the reasons for his re-detention and a meaningful opportunity to respond. *See E.A. T.-B.*, 795 F. Supp. 3d 1316 at 1323. Petitioner's I-213 does not indicate why he was re-detained, and the government provides no reason for his re-detention. Instead, Respondents argue Petitioner's detention is proper because he is subject to an administratively final order of removal, but the order did not become final until the Board of Immigration Appeals dismissed Petitioner's appeal on January 8, 2026 over 3 months later. Respondents do not argue Petitioner violated any condition of parole or that there is any reason to believe he is a flight risk or a danger to the community. There is no evidence or argument

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 4

presented by the government of any changed circumstance or that Petitioner was given notice of any changed circumstance since his release.

Last, Respondents' interest in continued civil detention is low. While the government has a strong interest in preventing noncitizens from remaining in the United States in violation of the law, *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022), the public interest in civil detention without notice or a hearing is not high on these facts, where Petitioner has no criminal history and has not absconded. Compared to Petitioner's liberty interest, Respondents' interest in re-detaining him without procedural safeguards is low. The third factor weighs in favor of Petitioner.

Respondents also argue Petitioner's challenge should be denied as premature because it was filed during the 90-day period of mandatory detention after the date his removal order became final. However, the case they cite, *Khotesouvan v. Morones*, 386 F.3d 1299, 1301 (9th Cir. 2004), upheld dismissal of habeas petitions filed during the 90-day removal period where removal was not reasonably foreseeable under *Zadvydas v. Davis*. Here, the Court finds Petitioner was originally detained in October 2025 in violation of due process, not because his removal was not reasonably foreseeable but because the government failed to provide the necessary process before detaining him. *Khotesouvan* is inapplicable.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continuing release from custody, and that due process requires that Petitioner receive proper notice and an opportunity to respond before he can be re-detained. *Rodriguez Jimenez v. Bondi*, 25-cv-02167-RSM, 2025 WL 3466925  (W.D. Wash. Dec. 3, 2025).

**CONCLUSION**

For the foregoing reasons, the Court ORDERS:

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 5

1. The petition for writ of habeas corpus is GRANTED. Dkt. 1.

2. Respondents shall RELEASE Petitioner **immediately** under the conditions of his most recent release; return to him any personal property upon release; and file a status report certifying he has been released **within 24 hours** of entry of this order.

3. Petitioner may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

4. Petitioner's Motion to Proceed Anonymously, incorporated into his petition at Dkt. 1 at 3, is GRANTED, as Respondents do not indicate any opposition and the Court finds Petitioner's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

DATED this 16th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING
RELEASE - 6